# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:15cr39 |
| | ) | **Electronic Filing** |
| ADAM JOHN CARLSON | ) | |

## MEMORANDUM ORDER

AND NOW, this 16th day of February, 2017, upon consideration of the Motion to Revoke Detention Order, which the court has construed as an appeal of the order of detention entered on December 16, 2015, and the government's response thereto, and after a comprehensive review of the record, including the transcript from the detention hearing before Magistrate Judge Susan Paradise Baxter on December 16, 2015, the Court finds/rules:

1. There is probable cause to believe that defendant has violated 18 U.S.C. § 922(g)(8), and if a judgment order of conviction is entered, is facing a maximum sentence of ten years;

2. At the conclusion of the detention hearing held on December 16, 2015, Magistrate Judge Baxter found:

    1) Within a short time after Defendant's release from incarceration for violating probation, and while still on probation, Defendant admitted to trading firearms for heroin; 2) Defendant was in possession of the firearms in violation of a PFA that has since been amended to permit his contact with the complainant on the PFA; 3) Defendant admits to trading firearms for heroin on two occasions, which guns have been traced to illegal activity, including two homicides; 4) Defendant has lied to authorities when questioned and has been unable to avoid serious drug use despite treatment; 5) there is some question as to his release from the Armed Services, which may have been based on his illegal drug use; and 6) the proposed release housing and custodian are not sufficient.

    The government reiterates each of these points in its brief in opposition;

3. While this court's review is *de novo*, a magistrate judge's decision and reasoning is to be given careful consideration where, as here, a transcript of the detention hearing has been filed into the record. United States v. Farris, 2008 WL 1944131 at *7 (W.D. Pa. May 1, 2008). Magistrate Judge Baxter's findings and reasoning are well supported by the record;

4. Defendant has presented little to warrant a reversal of Judge Baxter's supported decision that no condition or combination of conditions would ensure the appearance of defendant and the safety of the community if he were to be released;

5. First, the nature of the charge raises significant concerns regarding the ability to assure the safety of others and the community if defendant were to be released. Defendant is charged with having a weapon and ammunition while being subject to a PFA order. Offenses involving firearms are the type that Congress identified as those to be given careful consideration in evaluating whether pretrial detention is warranted. See 18 U.S.C. § 3142(g)(1).

6. Second, the circumstances of the charged offense raise significant concerns regarding the safety of others and the community. There is probative and significant evidence that defendant possessed a weapon and ammunition while being subject to a PFA order and after being placed on probation for violating that order. There also is significant information from an investigation which supports the government's position that defendant has been connected to the transfer of three firearms, two of which were traced to serious crimes committed by others. In addition, defendant is believed to have acquired several other guns, the whereabouts of which are unknown and thus these guns potentially remain available to defendant upon his release.

7. Third, the record presents probative and significant evidence that defendant possessed a firearm while subject to a protection from abuse order as charged. This includes his confession to possessing the firearm as charged and evidence from his claimed place of residence.

8. Fourth, defendant's relationship with his paramour and the circumstances leading to his arrest on the current charges likewise support the Magistrate Judge's determination. Defendant has violated a Protection From Abuse Order on no fewer than three occasions despite having been placed on probation for ongoing non-compliance. He began violating the terms of that supervision almost immediately. And although the PFA Order subsequently was modified to permit "full contact with [the victim]" the order continues in effect and prohibits defendant from stalking, harassing, threatening or attempting to use force against the paramour and from residing with her. Compare Doc. No. 12; Doc. No. 13 and Doc. No. 14. Importantly, the current offense is alleged to have occurred while defendant was on such supervision. Defendant's inability to abide by the PFA and comply with the ongoing conditions of his probation for violating the PFA appear to supply predicable forecasts about his ability to comply with the conditions of supervision he currently seeks to obtain.

9. Fifth, defendant's track record for truthfulness and amenability to supervision support the magistrate judge's determination that no condition or combination of conditions could reasonably assure the safety of others and the community if defendant were to be released. Defendant repeated has provided information to investigators and supervising probation officers that has proven to be less than

forthright. He initially was not honest about how the weapons traced to him ended up being involved in crimes committed by others, including the murder of two teenage boys. He initially lied and claimed the guns were stolen from him. He then falsely claimed he had given one firearm to another individual. After falsely claiming that the guns had been stolen, defendant eventually admitted to trading these guns for heroin. They were part of at least five guns that he acquired and thereafter traded for heroin. Defendant traded a .22 caliber gun just two months before it was found at the murder scene of the two sixteen year old boys in Erie, Pennsylvania. He likewise was not forthright about his separation from military service. He claimed an injury while in active duty with a medical discharge when in fact his records indicate he was discharged for misconduct involving the use of a controlled substance. And he has in the past attempted to submit urine from another individual to avoid detection of his use of heroin and marijuana. His repeated inability to be honest and forthright about transgressions of the rules that have governed his conduct over such a period of time does not support the view that a different outcome will occur if he were to be released on supervision.

10. Sixth, defendant's possession of firearms while prohibited from doing so by a PFA order and his repeated barters of firearms for heroin indicate that the dangers posed by defendant's release present the potential for serious bodily injury and death to others if his track record of illegal conduct continues.

11. Seventh, defendant's instant offense was committed while he was on probation for violating judicially imposed restrictions governing his behavior. Such conduct is yet another factor that Congress directed the courts to give careful consideration in evaluating pretrial detention and release. See 18 U.S.C. § 3142(g)(3)(B).

12. Finally, defendant has failed to highlight changed circumstances or propose a living arrangement that is sufficiently different than the one he had for his state supervision. His cited change of circumstances does not displace the information supporting a finding that no combination of conditions exist that will assure the safety of the community. Pretrial Services obtained information from defendant's state probation officer that suggested defendant was seldom at his reported residence and the execution of a search warrant at that location uncovered evidence that extensive drug use had been occurring there. While under state supervision defendant displayed a lack of concern for his drug addiction. While under state supervision defendant continued to use opiate substances and marijuana even after he was given the opportunity to participate in a methadone clinic. As noted by the government, it is difficult to fathom how defendant returning to his claimed residence (or going anywhere else on his own) can be understood to be a reasonable assurance that the same dangers to the community will not quickly arise again. Defendant's mere invocation that he has been removed from the world of drugs while incarcerated over the past several months does not supply reliable information to suggest the same course of conduct that ensued when defendant was released on state supervision will not repeat itself within a short period of time if he were to be released on federal supervision.

13. All of the factors set forth at 18 U.S.C. § 3142(g) weigh in favor of detention; and

14. In light of factors set forth in § 3142(g), this Court concludes that there is no condition or set of conditions that, if imposed, would reasonably assure the safety of the community if defendant were to be released pending trial.

Accordingly, IT IS ORDERED that [30] defendant's motion to revoke detention order be, and the same hereby is, **DENIED**. Defendant shall be detained pending trial in accordance with the December 16, 2015, detention order entered by Magistrate Judge Susan Paradise Baxter.

        s/David Stewart Cercone
        David Stewart Cercone
        United States District Judge

cc:    Marshall J. Piccinini, AUSA
      William Penn Hackney, AFPD

(*Via CM/ECF Electronic Filing*)